IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

THOMAS ANDERSON,

          Plaintiff,

v.                                     Civil Action No.
                                        9:03-CV-1300 (NAM/DEP)

S. BANKS, Corrections Officer, and
M. GILMORE, Corrections Officer,

          Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| THOMAS ANDERSON, *Pro Se*<br>Elmira, NY | |
| FOR DEFENDANT: | |
| HON. ELIOT SPITZER<br>Office of the Attorney General<br>State of New York<br>615 Erie Boulevard West<br>Suite 102<br>Syracuse, NY 13204-2455 | MARIA MORAN, ESQ.<br>Ass't Attorney General |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff Thomas Anderson, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights. In his complaint, plaintiff alleges that in June of 2003, while confined at the Auburn Correctional Facility, he was beaten by the two corrections officers named as defendants, and that following the incident he was placed in disciplinary confinement for sixteen days, without a hearing, and denied requested medical attention. Plaintiff's complaint seeks the recovery of compensatory and punitive damages in an unspecified amount.

    Currently pending before the court is a motion by the defendant seeking dismissal of plaintiff's complaint for failure to comply with this court's requirements that he keep the court and defendants' counsel apprised of his address. That request is based upon the fact that interrogatories sent by defendants' counsel to the plaintiff at the address provided in a change of address form filed by the plaintiff in April of 2004 were returned undelivered, based apparently upon plaintiff's release on September 3, 2004 from the custody of the New York State Department of Correctional Services ("DOCS"). Because it now appears that the plaintiff has been reincarcerated, and is currently confined in the Collins Correctional Facility, and he has in fact supplied the court with proper notice of that change of circumstances, I

recommend that defendant's motion be denied, though with an admonition to the plaintiff that his failure in the future to strictly comply with all of the governing requirements of the Federal Rules of Civil Procedure and the local rules of this court, including notably those governing changes of address, could result in dismissal of his complaint.

I.  BACKGROUND

Plaintiff commenced this action on October 28, 2003.  Dkt. No. 1. Plaintiff's complaint names, as defendants, S. Banks and M. Gilmer, two corrections officers at the Auburn Correctional Facility, and alleges that those officers beat him on or about June 24, 2003, after accusing him of stealing from the prison commissary.  *Id.* ¶¶ 5, 8-15.  Plaintiff also asserts that following the incident he was denied medical attention, and was taken to the facility special housing unit ("SHU"), strip-frisked, and confined there for sixteen days without a disciplinary hearing.  *Id.* ¶¶ 16-18.

At the time of filing, plaintiff listed his address as the Auburn Correctional Facility.  *See* Complaint (Dkt. No. 1).  On April 19, 2004 a change of address form was submitted by Anderson to the court, reflecting

his new address as the Collins Correctional Facility.[1]  Dkt. No. 14.

On December 6, 2004 the defendants, who had previously answered, *see* Dkt. No. 13, moved seeking dismissal of plaintiff's complaint pursuant, *inter alia*, to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Dkt. No. 19.  The genesis of that motion was a return of interrogatories sent by defendants' counsel to the plaintiff on November 4, 2004, addressed to the plaintiff at the Collins Correctional Facility.  Moran Aff. (Dkt. No. 19) ¶¶ 5-8, Exh. C.  A subsequent investigation by defendant's counsel on December 1, 2004, utilizing the DOCS inmate locator system, revealed that the plaintiff had been released from Collins on September 3, 2004.  *Id.*  Plaintiff has filed no papers in opposition to plaintiff's motion, although the court on January 14, 2005 did receive a new change of address form from the plaintiff reflecting the Collins Correctional Facility as a "new address."[2]  Dkt. No. 23.

---

[1]  A prior attempt by the plaintiff to file a change of address form was unsuccessful, in light of his failure to reflect service of that change form on opposing counsel.  *See* Dkt. No. 9.

[2]  From the court's review of the information contained on the DOCS inmate locator system, it appears that the plaintiff may have been reincarcerated for violating the terms of his parole.  Since defendants' motion papers were mailed to the plaintiff at Collins on December 6, 2004, and the DOCS inmate locator system reflects that he was not returned to that facility until December 8, 2004, his failure to respond to the pending motion is potentially attributable to the fact that he did not receive them.

Defendants' motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

II. DISCUSSION

For reasons which should be obvious any litigant, represented or otherwise, in a matter actively pending in this court is duty bound to keep the court and all other parties to the action apprised of the address at which communications regarding the action can be sent. N.D.N.Y.L.R. 10.1(b)(2).[3] Any failure on the part of a party to comply with this meaningful requirement

---

[3] That rule provides, in relevant part, as follows:

> Each document [filed with the court] must identify the person filing the document. This identification must include an original signature of the attorney or pro se litigant; the typewritten name of that person; the address of a pro se litigant; and the bar roll number, office address, telephone number, e-mail address and fax number of the attorney. **All attorneys of record and pro se litigants must immediately notify the Court of any change of address.** The notice of change of address is to be filed with the Clerk and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.

N.D.N.Y.L.R. 10.1(b)(2) (emphasis in original).

is subject to appropriate sanctions including, in the case of non-compliance by a plaintiff, dismissal of his or complaint. *See*, *e.g.*, *Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J. and Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666. 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. and Hurd, M.J.)

In this instance the information currently available to the court establishes that upon his release from Collins, the plaintiff failed to comply with the requirements of Local Rule 10.1(b)(2). Moreover, as defendants have argued, the court's order permitting the filing of plaintiff's complaint and addressing his application to proceed *in forma pauperis* specifically apprised Anderson of the obligation imposed under Local Rule 10.1(b)(2) and of the possibility that his complaint could be dismissed in the event of any failure to comply with that requirement. Dkt. No. 3.

Despite plaintiff's non-compliance with this paramount requirement, which is apparent from the record, in view of the fact that he has been reincarcerated and has notified the court of his present location, and giving due deference to his *pro se* status, I recommend against dismissal of his complaint.

III.    SUMMARY AND RECOMMENDATION

It is true, as defendants have argued, that plaintiff's failure to comply with the requirements of Local Rule 10.1(b)(2) that he notify the court of any change of address has been established. In light of plaintiff's *pro se* status, however, and in the interest of justice, I recommend that this technical, though inexcusable, failure be overlooked and that defendants' motion to dismiss be denied. Plaintiff should be forewarned, however, that any further failure to comply fully and faithfully with the governing rules, including the local rules of this court, could result in the dismissal of his complaint. Based upon the foregoing, it is hereby

RECOMMENDED, that defendants' motion to dismiss plaintiff's complaint (Dkt. No. 19) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:   March 21, 2005
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge